## Commonwealth v. Donatello.

*Justice of the peace—Transcript—Surety of the peace—Act of March 18, 1909.*

The justice of the peace is required by the Act of March 18, 1909, P. L. 42, to find on the record in surety of the peace cases that the prosecutor's danger of hurt is actual. This requirement is jurisdictional, and without such a finding malicious threats with intent to do harm are not sufficient, and the information, return and transcript will be quashed upon motion.

Motion to quash. Q. S. Dauphin Co., June Sess., 1921, No. 108.

*Philip S. Moyer*, District Attorney, and *John R. Geyer*, for Commonwealth.
*Paul A. Kunkel*, for defendant.

HARGEST, P. J., Sept. 13, 1921.—This is a surety of the peace case and comes before us on a motion to quash the information, return and transcript of the justice of the peace. The reasons assigned in support of this motion are that the information fails to show, as required by the Act of March 18, 1909, P. L. 42, that the defendant threatened to injure the prosecutrix, either in body or estate; that it fails to set forth any words that the defendant may have spoken; and that the record fails to show that the "'prosecutrix's danger of being hurt in body or estate is actual, and that threats were made by the defendant maliciously and with the intent to do harm."

The information charges that the defendant "did maliciously and with intent to do harm threaten to injure her and followed her on the public highway, continuing to make all manner of threats against her." The record shows that, before the hearing, "the 3rd section of the Act of March 18, 1909, P. L. 42, was read to the parties and the opportunity afforded and the suggestion of compromising made, the parties being unable to agree. After hearing the evidence and considering the character of the defendant, the defendant was placed under $150 bond to appear at court."

Section 1 of the act of assembly referred to provides that the justice shall bind over the defendant only when the evidence shows to his satisfaction that the prosecutor's or prosecutrix's danger of being hurt in body or estate is actual, and also that the threats were made maliciously and with the intent to do harm. While the information charges that the threats were made maliciously and with intent to do harm, there is no finding by the justice that there was any actual danger to the prosecutrix in body or estate.

In the case of Com. *v.* Keener, 30 Dist. R. 641, 24 Dauphin Co. Reps. 183, this court has held that this is a jurisdictional fact and should appear upon the record.

For this reason, the defendant's motion must prevail, and the information, return and transcript are hereby quashed.

From William Jenkins Wilcox, Harrisburg, Pa.
1 D. & C.